Ewing, C. J.
The reason assigned for the reversal of the judgment in this case is, that the justice proceeded to hear and determine the cause after a trial by jury had been demanded by the defendant.
If a party is unlawfully deprived of a trial by jury, by the conduct of the justice, or of the adverse party, or of the constable, there is just ground for reversal; but if by his own misconduct, he has no cause of complaint. Trial by jury is not the ordinary course of the justice’s court. It does not take place unless demanded by one of the parties; and it follows, therefore, that if he who seeks it, does by his own acts *32 prevent it, he ought not to draw any advantage from his own wrong, he ought not to be allowed to convert his privilege into an engine to delay or prejudice his adversary.'
The facts stated in the transcript of the docket of the justice, abundantly shew, not only that the demand of a trial by jury was made for delay and not in good faith, but that when granted; the service of the venire was defeated by the conduct and contrivance of the defendant. The process by which the suit was instituted was returned on the 26th of August 1829. Two adjournments were made, one at the instance of the defendant, the other at the request of the plaintiff, for want of a witness and on payment of costs; and the latter adjournment, to the 28th of September. Thirty days from the return of the summons having elapsed, a continuance to a further day could not be then made, without the consent of the parties or for the special cause mentioned in the statute. At ten o’clock, to which time the cause stood adjourned, the parties appeared. After the lapse of nearly an hour, one of the defendants moved for a further adjournment, but without assigning, any reason, so far as appears from the transcript. The motion being overruled, he demanded a trial by jury. How he had two previous opportunities, which *he left unused, to make this demand; and although it be admitted it was not made too late, yet not having been made as soon as he appeared on that day before the justice, nor until the adjournment was denied, these circumstances unexplained, afford justly an inference that the real object was, not a trial by jury, but to embarrass the cause by the efflux of time, or to enforce a delay which could not be obtained on any reasonable or legal grounds. The justice however, granted the motion and ordered the jury to be convened at twelve o’clock. Had the defendant no farther interfered, he might have presented a very different, case. But without any duty calling him to do so, he undertook, while the justice was preparing the venire, as no constable was present, to procure one to serve *33 it. lie remained absent until nearly the hour of return mentioned in the venire, and being then asked if he had seen a constable, he answered “ he had seen two, but it was not his business to look for constables.” The defendant first induces the justice to forego any other mode of charging an officer with the venire, by pretext that he would procure one, passes by not only one, but two opportunities of fulfilling the engagement he had voluntarily assumed, consumes the time which might otherwise have been employed to insure him the mode of trial he professed to seek, and then holds himself very scrupulous of business which does not belong to him. If, as was ingeniously supposed on the argument, the defendant was during his absence advised that he ought not “ to meddle in” the service of the venire, his answer to the justice would have been very different. The j us tice properly regarded the conduct of the defendant as fraudulent, resolved that he had deprived himself of a trial by jury, and proceeded to hear and determine the cause.
The defendant, after demanding a trial by jury, by liis own measures defeated the service of the venire, and has no ground of complaint.
Ford, J. and Drake, J. concurred.
Let the judgment be affirmed.